THE LAMAR COMPANY OF NEBRASKA, L.L.C., DOING BUSINESS AS LAMAR OUTDOOR, AND MERCY ROAD LIMITED PARTNERSHIP, APPELLANTS, V. OMAHA ZONING BOARD OF APPEALS, CITY OF OMAHA, ET AL., APPELLEES, AND WAITT OUTDOOR, LLC, AND ROBERT MILLER PROPERTIES, INC., INTERVENORS-APPELLEES.

713 N.W.2d 406

Filed April 27, 2006. No. S-04-1300.

Aimee J. Haley, of Fullenkamp, Doyle & Jobeun, for appellants.

Donald P. Dworak, of Gross & Welch, P.C., for intervenors-appellees.

Alan M. Thelen, Assistant Omaha City Attorney, for appellees.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ., and HANNON, Judge, Retired.

McCORMACK, J.

## NATURE OF CASE

Following the denial by the Omaha Zoning Board of Appeals (Board) of its application for a sign permit and request for variance, The Lamar Company of Nebraska, L.L.C., doing business as Lamar Outdoor (Lamar), along with Mercy Road Limited Partnership, its lessor (collectively Appellants), appealed to the Douglas County District Court. Waitt Outdoor, LLC (Waitt), and Robert Miller Properties, Inc. (Miller), filed a motion to intervene, which was sustained. The district court affirmed the decision of the Board denying the permit and variance. Appellants timely filed this appeal.

## BACKGROUND

The underlying facts are undisputed. Lamar maintained an off-premises advertising sign, a billboard, on property leased from

Miller and located at 6801 Mercy Road in Omaha, Nebraska. The lease between Lamar and Miller was set to expire on August 31, 2003. Lamar and Miller attempted to renegotiate the lease but were unable to reach an agreement. The terms of the lease required Lamar to remove the billboard at 6801 Mercy Road within 30 days of the expiration of its lease.

After failing to reach an agreement with Lamar, Miller entered into a lease agreement with Waitt for the construction and maintenance of a new billboard, to be located at approximately the same location as Lamar's sign. On May 19, 2003, Waitt applied to the city planning department for a sign permit. On May 29, Waitt requested from the Board certain variances, which were necessary because the new billboard would be located within 150 feet of a recreational trail which was in an area zoned for residential use. A hearing was scheduled on Waitt's application on July 17, but was held over due to a determination that Waitt also needed a variance regarding the size of the sign planned for the site. At its August 21 hearing, the Board considered Waitt's application, granted the necessary variances, and issued the sign permit.

Lamar, meanwhile, entered into a lease agreement on June 12, 2003, with Mercy Road Limited Partnership to construct and maintain a billboard at 6855 Mercy Road, which is a parcel of property adjacent to 6801 Mercy Road. The record establishes that the proposed billboard locations on these two parcels were within 700 feet of each other. On June 12, Lamar also applied to the city planning department for a sign permit. In that application, Lamar noted that it currently maintained a sign at 6801 Mercy Road and promised to remove that sign within 60 days of the issuance of a permit for 6855 Mercy Road. Lamar's application was denied, and in a letter dated June 24, 2003, explaining the denial, the city planning department noted that "Omaha Municipal Code section 55-826(a)(3) requires 700 feet of spacing between advertising sign locations. Waitt . . . has previously applied for a billboard location at 6801 Mercy Road which is pending before the . . . Board . . . ." Lamar appealed to the Board on June 30. Its appeal was scheduled to be heard at the same July 17 meeting scheduled for Waitt's application, but was held over due to Waitt's request for further variances made earlier at that

meeting. Lamar's appeal was ultimately heard and denied on August 21. At that same August 21 hearing, Lamar alternatively argued that it was entitled to a variance due to a "practical difficulty or an unnecessary hardship" because of the Board's prior approval of Waitt's permit. That request was also denied.

Appellants filed an appeal in the district court. Waitt and Miller (collectively Intervenors) motioned to intervene. That motion was sustained by the district court. After a hearing on appeal, the district court affirmed the decision of the Board. Appellants then filed this appeal. We moved this case to our docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Appellants assign, consolidated and restated, that the district court erred in (1) sustaining Intervenors' motion to intervene, (2) affirming the denial of Lamar's application for a sign permit, and (3) affirming the Board's decision with respect to Waitt's permit application.

## STANDARD OF REVIEW

On appeal, a district court may disturb the decision of a zoning appeals board only when the decision was illegal or is not supported by the evidence and is thus arbitrary, unreasonable, or clearly wrong. *Eastroads v. Omaha Zoning Bd. of Appeals*, 261 Neb. 969, 628 N.W.2d 677 (2001). In reviewing a decision of the district court regarding a zoning appeal, the standard of review is whether the district court abused its discretion or made an error of law. *Id.*

## ANALYSIS

### INTERVENTION OF WAITT AND MILLER

Appellants first assign that the district court erred in sustaining Intervenors' motion to intervene. The statutory right to intervention is governed by Neb. Rev. Stat. § 25-328 (Cum. Supp. 2004), which provides:

Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in

any of the courts of the State of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences.

Appellants argue that intervention is inappropriate because (1) the Board adequately represents the interests of Intervenors; (2) Intervenors have failed to allege facts sufficient to show a direct and legal interest affected by the appeal before the district court; (3) Intervenors intervened at the intermediate appellate level, rather than prior to trial as required by § 25-328; and (4) Intervenors failed to appear in opposition to Lamar's appeal before the Board.

■ A review of the record shows that Intervenors offered no evidence at the hearing before the district court. While counsel for Intervenors did present oral argument to the district court at that hearing, such argument was essentially a reiteration of the Board's argument. Moreover, in its brief before this court, the arguments made by Intervenors are the same as those made by the Board. We conclude that, even assuming the district court erred in allowing Intervenors leave to intervene at the intermediate appellate level, Appellants were not prejudiced by that error. Error without prejudice provides no ground for appellate relief. *In re Applications T-851 & T-852*, 268 Neb. 620, 686 N.W.2d 360 (2004). Accordingly, we need not address Appellants' arguments with respect to intervention.

### WHETHER BOARD ERRED IN DENYING LAMAR'S APPLICATION

In their second assignment of error, Appellants assign that the district court erred in affirming the Board's denial of Lamar's application for a sign permit. Appellants argue first that Lamar's "[a]pplication complied with all requirements of the [Omaha Municipal] Code and Lamar was entitled to a permit as a matter of right." Brief for appellants at 26. In support of their argument, Appellants direct us to the definition of "advertising sign location," found at Omaha Mun. Code, ch. 55, art. XVIII, § 55-822(b)

(1980), and contend that Waitt's pending application had no effect on Lamar's application because an "advertising sign location" was "considered established upon issuance of a valid sign permit." § 55-822(b).

The Board, however, argues that (1) Neb. Rev. Stat. § 14-410 (Reissue 1997) required that Lamar's application be denied due to Waitt's pending application and request for variances; (2) the city planning department had a "first in time, first in right" policy to handle applications, thus Waitt's application and request for variances had to be resolved before Lamar's application could be acted upon; and (3) due process dictated that Waitt's application and request for variances be resolved before Lamar's application could be acted upon.

The meaning of a statute is a question of law. *In re Petition of SID No. 1*, 270 Neb. 856, 708 N.W.2d 809 (2006). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Magistro v. J. Lou, Inc.*, 270 Neb. 438, 703 N.W.2d 887 (2005).

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Heitzman v. Thompson*, 270 Neb. 600, 705 N.W.2d 426 (2005).

Section 14-410 provides in relevant part that "[a]n appeal stays all proceedings in furtherance of the action appealed from . . . ." A stay is defined as "[t]he postponement or halting of a proceeding, judgment, or the like." Black's Law Dictionary 1453 (8th ed. 2004). A plain reading of § 14-410, then, provides that when Waitt filed its request for variances on May 29, 2003, all proceedings in furtherance of that action were halted.

Appellants argue, however, that § 14-410 is inapplicable, as that statute only stays proceedings during an appeal, but that, rather than filing an appeal, Waitt simply requested certain variances. Alternatively, Appellants argue that § 14-410 only operates to stay proceedings " 'in furtherance of the action appealed from' " and that any appeal by Waitt had no effect on Lamar's application. Brief for appellants at 28.

To begin, we disagree with Appellants' contention that Waitt did not file an appeal, but instead only requested certain variances. According to the record, Waitt filed with the city planning department an application for a sign permit on May 19, 2003. Due to the sign's location adjacent to an area which was zoned for residential use, the city planning department informed Waitt that it could not issue the permit. On May 29, Waitt filed with the Board an application for a variance, requesting a waiver of Omaha Mun. Code, ch. 55, art. XVIII, § 55-826(a)(4) (1980), which provided that a billboard could not be erected within 150 feet of an area zoned for residential use. In addition, Waitt subsequently requested other variances. Though the request for variances was not termed an "appeal," a review of the record indicates that the request was in response to the city planning department's action in initially denying Waitt's application for a sign permit.

Moreover, Neb. Rev. Stat. § 14-411 (Reissue 1997) sets forth a zoning board's power to grant variances and provides in relevant part:

> Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such ordinance, the board of appeals shall have the power *in passing upon appeals*, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial justice done.

(Emphasis supplied.)

A plain reading of § 14-411 provides that a zoning board's power to grant variances exists as the board "pass[es] upon appeals." Given this language, we conclude that a zoning board's variance power is appellate in nature. See 4 Kenneth H. Young, Anderson's American Law of Zoning § 22.05 (4th ed. 1997). Even if we were to assume that Waitt's request for variances was not considered an appeal, an assumption which is not supported by the record, we conclude that in granting those variances, the Board was exercising appellate jurisdiction. Accordingly, Appellants' contention that Waitt's application for variances was

not an appeal and thus did not implicate § 14-410 is without merit.

We also disagree with Appellants' argument that Lamar's application was not "in furtherance" of Waitt's appeal. The zoning ordinances at issue make it clear that, notwithstanding the zoning board's power to grant variances, there can be only one billboard in a 700-foot area. See § 55-826(a)(3). If Lamar's application was to be approved and a permit issued while Waitt's appeal was pending, it would effectively deny Waitt its right of appeal. It would make little sense for § 14-410 to stay proceedings with respect to an appeal if another party was permitted to render that appeal moot by altering the circumstances upon which the appeal is based. The right to appeal from the denial of an application for a sign permit cannot be protected unless the statutory stay extends not only to the application at issue, but to other applications that would affect an appellant's ability to obtain relief upon a successful appeal. Thus, we agree with the Board that under the circumstances of this case, § 14-410 gave the Board the authority to deny Lamar's application until such time as Waitt's application was resolved.

Appellants also argue that the Board should have granted Lamar's request for a variance of the 700-foot rule. Appellants contend that the Board created the hardship faced by Lamar when it granted Waitt's requests for variances.

As noted, § 14-411 grants to zoning boards the discretion "to vary or modify the application of any of the regulations or provisions of such ordinance" in the event of "practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such ordinance." In *Eastroads v. Omaha Zoning Bd. of Appeals*, 261 Neb. 969, 979, 628 N.W.2d 677, 684 (2001), this court held that

> administrative boards such as the board of zoning appeals provide "expertise and an opportunity for specialization unavailable in the judicial or legislative branches. They are able to use these skills, along with the policy mandate and discretion entrusted to them by the legislature, to make rules and enforce them in fashioning solutions to very complex problems. Thus, their decisions are not to be taken lightly or minimized by the judiciary."

Quoting *Bowman v. City of York*, 240 Neb. 201, 482 N.W.2d 537 (1992).

Our review of this issue is limited to the question of whether the district court abused its discretion or made an error of law. Given the discretion granted to the Board as outlined in *Eastroads*, we cannot conclude that the district court either abused its discretion or made an error of law in affirming the Board's decision to deny Lamar's requested variance.

Appellants' second assignment of error is without merit.

### DISTRICT COURT'S PURPORTED AFFIRMANCE OF WAITT APPLICATION

In their third and final assignment of error, Appellants argue that the district court erred when it found that "[t]he decisions of the . . . Board . . . '*in granting Waitt's application* and denying Lamar's application on August 21, 2003, were not illegal; were supported by the evidence; and were not arbitrary, unreasonable or clearly wrong.' " (Emphasis supplied.) In support of their argument, Appellants, citing *Kuhlmann v. City of Omaha*, 251 Neb. 176, 556 N.W.2d 15 (1996), argue that the district court's review extended only to issues which were brought up for review from the Board and that the granting of Waitt's application was not properly before the district court.

Although we agree with Appellants that the district court would have lacked jurisdiction to determine any issues related to Waitt's application, we do not read the district court's order as doing so. Rather, we read the district court's reference to the Waitt application as merely the court's recognition of the interrelatedness of the two applications and not an attempt by the district court to rule on the merits of Waitt's application. Appellants' third and final assignment of error is without merit.

### CONCLUSION

The decision of the district court is affirmed.

AFFIRMED.

WRIGHT and MILLER-LERMAN, JJ., not participating.