744 N.W.2d 266 (2008)
16 Neb. App. 339
STATE of Nebraska, Appellee
v.
Christopher PETERSEN, Appellant.
No. A-07-179.
Court of Appeals of Nebraska.
January 22, 2008.
*268 Thomas P. Strigenz, Sarpy County Public Defender, and Regan Fahey Muhs, Senior Certified Law Student, for appellant.
Jon Bruning, Attorney General, and Kimberly A. Klein, Lincoln, for appellee.
INBODY, Chief Judge, and CARLSON and CASSEL, Judges.
CARLSON, Judge.

INTRODUCTION
After a bench trial in the district court for Sarpy County, Christopher Petersen was convicted of enticement of a child for sexual purposes through the use of a computer, in violation of Neb.Rev.Stat. § 28-320.02 (Cum. Supp. 2004). On appeal, Petersen asserts that venue is improper, that there is insufficient evidence to convict him of violating § 28-320.02, that his motion to continue sentencing should have been granted, and that his sentence is excessive. Based on the reasons that follow, we affirm.

FACTUAL BACKGROUND
On April 6, 2006, Brad Wood, a police officer with the La Vista Police Department went "undercover" as a 13-year-old girl named "Missy" in an Internet chat room under the "screen name" of "lilmissygurl2003." During the time Wood was in the chat room, he and the computer he was using were located at the police station in La Vista. While Wood was in the chat room, he received a private message from "ursweetdreamnomaha," later identified as Petersen, who was 20 years old at the time. The private message could not be seen by others in the chat room. A conversation then ensued between the two in this private message location. A complete printed copy of the dialog between Missy and Petersen was entered into evidence at trial.
At the beginning of the conversation, Missy told Petersen that she was a 13-year-old female. Petersen next asked Missy if she had a picture of herself that she could send, and when she did not, Petersen asked her to describe what she looked like. Petersen then asked Missy if she would want to "hangout." He first suggested going to a park or watching a movie and then further stated, "I love to cuddle but [I do not know] if [you] would want to." He also told Missy that she could try "weed" if she wanted to, if they met. Petersen next asked Missy what she looks for in guys and whether she likes to date older guys. Petersen then changed the conversation into one of a more sexually explicit nature. Petersen asked Missy if she was a virgin and if she liked being a virgin or if she wanted "to do more." He also asked, "[W]hat have [you] done with a guy?" During the conversation, Missy told Petersen that she may be able to meet him after lunch and Petersen asked her if she wanted to "have [him] for dessert." He followed that question with the statement, "[W]ell maybe we can start with cuddling and see how it goes from there." Petersen also told Missy that she should wear a skirt when they meet because "it might cum in handy" and would be "less trouble than jeans."
Petersen also asked Missy about the tightness of her vaginal area, specifically asking her to see how many fingers she could insert into her vagina. Petersen also told Missy that he was "really hard" and asked her if he should "jack off' or wait for her. Petersen next asked Missy, "do [you] suck" and whether she would "swallow."
At the end of the Internet conversation, Petersen and Missy arranged to meet at the clubhouse of Missy's apartment complex, located in Sarpy County, immediately following their conversation. When the *269 conversation ended, Wood proceeded to the apartment clubhouse where Missy and Petersen agreed to meet. Shortly after Wood arrived, Petersen also arrived in his car. Wood made contact with Petersen and identified himself as a police officer, at which time Petersen told Wood that Missy told him she was 17 years old. Petersen was placed under arrest. Wood conducted a search of Petersen's vehicle and found an empty box of condoms and a pair of handcuffs.
After Petersen's arrest, Wood interviewed Petersen at the police department. Petersen told Wood that he was the person using the screen name "ursweetdreamnomaha," that he believed Missy was 13 years old, and that he had been using his laptop computer at his residence for the Internet chat with Missy. Petersen told Wood that his only intent was to "hang out" with Missy.
Wood subsequently conducted a search of Petersen's residence and located and seized the laptop computer that Petersen said had been used for the conversation with Missy. Wood testified that a search of Petersen's computer revealed an archive copy of the dialog between Petersen and Missy.
Petersen testified that he likes to go to chat rooms to meet people to "hang out" with. Petersen testified that at the beginning of his conversation with Missy, she told him that she was 13 years old. He testified that they started talking about "basic stuff' which then led into sexual comments. He testified that he asked Missy the questions that were of a sexual nature out of curiosity or because they were conversation starters. Petersen admitted that he was masturbating during part of the online chat. Petersen testified that his only intention when meeting Missy was to "hang out" with her. Petersen further testified that it was not his intent to have sex with Missy when he met her, but he thought that they would maybe "cuddle." Petersen admitted that based on the conversation that occurred between him and Missy, it appeared that his intention was to have sex with Missy, but he stated that was not his intent.

PROCEDURAL BACKGROUND
On May 24, 2006, an information was filed in the district court for Sarpy County charging Petersen with enticement of a child for sexual purposes through the use of a computer. Petersen pled not guilty, and a bench trial was held on November 1. Petersen made a motion to dismiss at the close of the State's evidence and at the end of all the evidence, which the trial court overruled. Following trial, the trial court found Petersen guilty. The trial court set sentencing for February 2, 2007, and ordered that a presentence investigation report (PSI) be completed. On January 31, 2007, Petersen filed a motion to continue sentencing and request for a new PSI, alleging that the current PSI contained erroneous and prejudicial information. The court overruled the motion to continue. The trial court sentenced Petersen to a term of 3 to 5 years' imprisonment. Petersen filed a motion for new trial, which was overruled. Petersen appeals his conviction and sentence.

ASSIGNMENTS OF ERROR
Petersen assigns that the trial court erred in (1) finding that Sarpy County was a proper venue for the case; (2) allowing Wood to testify as to the definition of a computer; (3) finding that the State proved that Petersen used a computer in violation of § 28-320.02, as defined in Neb. Rev.Stat. § 28-1343 (Reissue 1995); (4) denying his motion to dismiss; (5) denying his motion for new trial; (6) denying his motion to continue sentencing and request *270 for a new PSI; and (7) imposing an excessive sentence.

STANDARD OF REVIEW
Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. State v. Kuehn, 273 Neb. 219, 728 N.W.2d 589 (2007); State v. Johnson, 261 Neb. 1001, 627 N.W.2d 753 (2001).
When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Aldaco, 271 Neb. 160, 710 N.W.2d 101 (2006); State v. Atchison, 15 Neb.App. 422, 730 N.W.2d 115(2007).
The meaning of a statute is a question of law. State v. Vasquez, 271 Neb. 906, 716 N.W.2d 443 (2006); Lamar Co. v. Omaha Zoning Bd. of Appeals, 271 Neb. 473, 713 N.W.2d 406 (2006). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. Id.

ANALYSIS

Venue.
Petersen first argues that Sarpy County was not a proper venue for the charge against him. He contends that because the use of a computer is required to violate § 28-320.02, the location of his computer when the crime was committed is paramount in determining proper venue. Thus, he argues that because the computer he used to commit the crime was located in Douglas County, Sarpy County is an improper venue and Douglas County is the only proper venue to try the case against him. We conclude that under Neb.Rev. Stat. § 29-1301.01 (Reissue 1995), venue in Sarpy County is proper. Section 29-1301.01 states:
If any person shall commit an offense against the person of another, such accused person may be tried in the county in which the offense is committed, or in any county ... in which an act is done by the accused in instigating, procuring, promoting, or aiding in the commission of the offense ....
The offense of child enticement involves the soliciting, coaxing, enticing, or luring of a child or a police officer believed by a defendant to be a child. Thus, the crime requires that there be a recipient of a defendant's actions in order for soliciting, coaxing, enticing, or luring to occur. In the instant case, the police officer being solicited, the recipient of Petersen's actions, was located in Sarpy County and was receiving and responding to Petersen's messages from a computer located in Sarpy County. Therefore, the place where the soliciting, coaxing, enticing, or luring occurred was in Sarpy County. Further, the meeting which was arranged between Petersen and Missy took place in Sarpy County. Thus, we conclude that Sarpy County is a county "in which an act is done by the accused in instigating, *271 procuring, promoting, or aiding in the commission of the offense." Accordingly, Sarpy County is a proper venue in which to hold Petersen's trial for the offense of child enticement by computer.

Sufficiency of Evidence.
Petersen's next two assignments of error are related and basically allege that there is insufficient evidence to support a conviction of child enticement by computer. Specifically, Petersen argues that Wood does not have sufficient expertise, nor was sufficient foundation laid, to permit Wood to testify that Petersen used a computer as defined by § 28-1343. Petersen further argues that even if Wood's testimony is admissible, it is still insufficient to prove that Petersen used a computer in violation of § 28320.02, as defined in § 28-1343.
Section 28-320.02 states in part as follows:
(1) No person shall knowingly solicit, coax, entice, or lure (a) a child sixteen years of age or younger or (b) a peace officer who is believed by such person to be a child sixteen years of age or younger, by means of a computer as that term is defined in section 28-1343, to engage in an act which would be in violation of section 28-319 or 28-320.01 or subsection (1) or (2) of section 28-320.
"Computer" is defined in § 28-1343(2) as
a high-speed data processing device or system which performs logical, arithmetic, data storage and retrieval, communication, memory, or control functions by the, manipulation of signals, including, but not limited to, electronic or magnetic impulses, and shall include any input, output, data storage, processing, or communication facilities directly related to or operating in conjunction with any such device or system.
Wood testified that he has had several training classes involving "computer forensics, conducting forensic examinations of computers, the different parts that make up a computer" and training on the basic principles of data recovery and data created by a computer. He further testified that he has had prior experience with laptop computers like the one recovered from Petersen's residence and that Petersen's computer is capable of data storage and retrieval. Wood also testified that Petersen told him that he was using his laptop computer to conduct the Internet chat. We conclude that allowing Wood's testimony regarding Petersen's computer was not an abuse of discretion and that there was sufficient evidence to establish that Petersen used a computer as defined in § 28-1343. Petersen's first two assignments of error are without merit.
We further conclude that the evidence demonstrates that Petersen believed he was talking with a 13-year-old girl and "solicited, coaxed, enticed, or lured" her by means of a computer to meet him with the intent of engaging in an act which would be in violation of § 28-319 or § 28-320.01. Thus, when viewing the evidence in a light most favorable to the State, the evidence is sufficient to support a conviction for child enticement by computer.

Motion to Dismiss and Motion for New Trial.
Petersen also assigns that the trial court erred in failing to grant his motion to dismiss made at the end of the State's case and at the close of all the evidence and erred in failing to grant his motion for new trial. Both of these assignments of error are based on the same arguments made by Petersen that we have addressed above, i.e., improper venue and lack of sufficient evidence in regard to Petersen's use of a computer. Accordingly, we need not address these two assignments of error further *272 as they are without merit for the same reasons previously set forth in this opinion.

Motion to Continue Sentencing and Request for New PSI.
Petersen next assigns that the trial court erred in failing to sustain his motion to continue sentencing and request for a new PSI. Petersen contends that his motion to continue sentencing should have been granted to allow for a new PSI to be completed because the PSI presented to the court contained "numerous erroneous, prejudicial errors that resulted in biased recommendations by the Probation Officer to the Court." Brief for appellant at 22. Specifically, Petersen complains that the probation officer who prepared the PSI was under the mistaken impression Petersen had lied to her about being enrolled at the University of Nebraska at Omaha (UNO) and that such mistake tainted the entire PSI and resulted in the probation officer's recommending a harsher sentence than she would have without the mistaken belief.
The PSI presented to the court shows two places where the probation officer incorrectly asserted that Petersen was not in school, as he had told her. However, the PSI also contains a notice from the probation officer to the district court indicating that the UNO registrar's office erred in the information it sent to the probation officer and that Petersen was in fact enrolled at UNO and was registered for 12 credit hours at the time. Therefore, the correction by the probation officer erases any "taint" the error may have lent to the PSI, because the trial court was informed that Petersen was enrolled at UNO just as he had told the probation officer. In addition, at the sentencing hearing, the trial court stated that Petersen's school status had been clarified, that his attendance at school worked in his favor, and "[a]s far as the recommendations being based on [the probation officer's] opinion or misunderstanding, however we want to characterize it, that will be disregarded by the Court as it relates to the issue that's raised in the motion [to continue sentencing] as far as whether any misrepresentations were made." Petersen does not argue or mention any other "erroneous, prejudicial errors" in the PSI. Therefore, we conclude that the trial court did not err in overruling Petersen's motion to continue sentencing and request for a new PSI.

Excessive Sentence.
Finally, Petersen assigns as error that the sentence imposed by the district court was excessive. A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. State v. Losinger, 268 Neb. 660, 686 N.W.2d 582 (2004); State v. Atchison, 15 Neb.App. 422, 730 N.W.2d 115 (2007). An abuse of discretion occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and a just result. Id. In considering a sentence to be imposed, the sentencing court is not limited in its discretion to any mathematically applied set of factors. State v. Griffin, 270 Neb. 578, 705 N.W.2d 51 (2005); State v. Atchison, supra. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. Id.
Here, the trial, court sentenced Petersen to incarceration of 3 to 5 years. A violation of § 28-320.02 is a Class III A felony, punishable by up to 5 years' imprisonment, a $10,000 fine, or both. See Neb.Rev.Stat. § 28-105 (Cum. Supp. 2006). Petersen's sentence is within the statutory limits. Further, the record contains no indication *273 that the trial court abused its discretion. We conclude that Petersen's sentence is not excessive.

CONCLUSION
We conclude that Sarpy County was a proper venue in which to conduct Petersen's trial, that there is sufficient evidence to convict Petersen of enticement of a child for sexual purposes through the use of a computer, that his motion to continue sentencing and request for a new PSI was properly overruled, and that his sentence is not excessive. Accordingly, Petersen's conviction and sentence are affirmed.
AFFIRMED.