Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/09/2019 08:07 AM CDT

- 146 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
BRUNING v. CITY OF OMAHA ZONING BD. OF APPEALS
Cite as 303 Neb. 146

Sharon Bruning and Robert Bruning,
wife and husband, appellants, v.
City of Omaha Zoning Board
of Appeals, appellee.
___ N.W.2d ___

Filed May 17, 2019.    No. S-18-214.

1. **Zoning: Appeal and Error.** On appeal, a district court may disturb the decision of a zoning appeals board only when the decision was illegal or is not supported by the evidence and is thus arbitrary, unreasonable, or clearly wrong.

2. ____: ____. In reviewing a decision of the district court regarding a zoning appeal, the standard of review is whether the district court abused its discretion or made an error of law.

3. ____: ____. Where competent evidence supports the district court's factual findings regarding a zoning appeal, an appellate court will not substitute its factual findings for those of the district court.

4. **Zoning: Ordinances.** Certain factual circumstances are by themselves insufficient to justify a finding of hardship, including the desire to build a larger building, the desire to generate increased profits, and where the applicant for a variance from a zoning regulation created his or her own hardships.

5. ____: ____. The general rule respecting the right of a zoning board of appeals to grant a variance from zoning regulations on the ground of unnecessary hardship is that it may not be granted unless the denial would constitute an unnecessary and unjust invasion of the right of property.

Appeal from the District Court for Douglas County: W. Russell Bowie III, Judge. Affirmed.

Diana J. Vogt, Jason M. Bruno, and James L. Schneider, of Sherrets, Bruno & Vogt, L.L.C., for appellants.

- 147 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
BRUNING v. CITY OF OMAHA ZONING BD. OF APPEALS
Cite as 303 Neb. 146

Jennifer J. Taylor, Senior Omaha City Attorney, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

After leasing their agricultural-zoned land near 163d and Fort Streets in Omaha, Nebraska (Property), to several commercial entities and others, Sharon Bruning and Robert Bruning unsuccessfully sought a variance from the requirements of Omaha's zoning code based on a claim of unnecessary hardship. The request for a variance was denied by the City of Omaha Zoning Board of Appeals (Board). The district court for Douglas County affirmed the decision of the Board. The Brunings appeal. Competent evidence supports the findings of the district court and its conclusion that the Brunings' situation did not warrant a variance under Neb. Rev. Stat. § 14-411 (Reissue 2012). The district court did not abuse its discretion or make an error of law when it upheld the Board's decision. We affirm.

## STATEMENT OF FACTS

The following facts are taken from the record in this appeal. The Brunings own a 4.66-acre parcel of land located near 163d and Fort Streets in Omaha. The land is and has been zoned for agricultural use since before the Brunings acquired the land in 1979.

In 2015, after receiving a complaint, the City of Omaha Planning Department (City) investigated and concluded that the Property was being used for activities not permitted by ordinance in an agricultural district. Specifically, the City found that the Property was being leased for use as landscaping and boiler repair businesses, as well as automobile storage. The Brunings thereafter applied for a variance requesting waivers which, if granted, would allow them to deviate from zoning requirements and continue these uses of the land. The

- 148 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
BRUNING v. CITY OF OMAHA ZONING BD. OF APPEALS
Cite as 303 Neb. 146

variance sought several waivers from the requirements of chapter 55 of the Omaha Municipal Code, specifically: Omaha Mun. Code, ch. 55, art. V, §§ 55-84 (2010) and 55-87 (2002); Omaha Mun. Code, ch. 55, art. XIII, § 55-715 (2014); and Omaha Mun. Code, ch. 55, art. XIV, §§ 55-734 (2012) and 55-740(f) (2013). The request also included waivers from the requirements regarding maximum building coverage, maximum impervious surface coverage, street yard landscaping, perimeter parking lot landscaping, and the required number of parking stalls.

The Brunings submitted the following information in support of their unsuccessful request for waivers. When the Brunings purchased the land in 1979, it was zoned for agricultural use and had been operated as a farm for over 100 years. The Property contained a house, a barn, and several other outbuildings. The Brunings operated seeding businesses on the land from 1979 until 2004 and employed 25 to 30 regular workers. During this time, the Brunings replaced several buildings and added new buildings for their businesses. They also paved a significant portion of the property and altered the grading to improve drainage. They claimed that each time they erected a new building, they sought permits from the City but were told that they did not need permits, because the buildings were used for storing supplies for the seeding businesses, a permitted agricultural use. The seeding companies performed mowing, seeding, landscaping, tree removal, erosion control, and similar services.

In 2004, the Brunings sold the seeding businesses. The purchaser of the seeding companies thereafter rented three buildings on the land from the Brunings to use as storage for the businesses. Over time, the businesses expanded, and the Brunings referred to them collectively as a "lawn and landscaping business." The Brunings continued to rent buildings to the lawn and landscaping business and, in addition, began renting other buildings to other enterprises, including seeding, lawn care, and landscaping businesses. Other than office space for

- 149 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
BRUNING v. CITY OF OMAHA ZONING BD. OF APPEALS
Cite as 303 Neb. 146

two office workers, the rented buildings were utilized for storage purposes, and the businesses receive no customers at the buildings. The Brunings also leased two buildings for personal private car collections and one for storage of vehicles and equipment of a local boiler repair business, which performed no repair work on site. The Brunings have completed many improvements to the buildings and land. The property is neat and orderly, and the Brunings mow regularly.

In both their request for a variance and appeal to the Board from the denial thereof, the Brunings primarily argued that because the Property had been used in essentially the same manner since 1979, and they had invested significant money in improvements to support their business activities without objection by the City, they suffered a hardship. The Brunings asserted that the only change in the use of the land was that the buildings previously used by the Brunings were now merely leased to others to use for similar purposes. Several adjoining residential neighbors supported the Brunings' application.

The Board held four hearings on the Brunings' request for a variance in February, April, May, and June 2017. The City and the Brunings attempted to resolve the issues, causing the matter to be postponed several times. The Board toured the Property during the pendency of the appeal. During this process, the City generally advised the Brunings that their current use of the land would more properly be characterized as industrial use, but that it would be unlikely that the land could be rezoned as industrial, because the land surrounding the Property had developed into residential use, and that under the City's master plan, the Property is ultimately targeted for residential development. The record shows that the Brunings attempted to reach an agreement with the City which would allow them to continue using the land as currently altered. The Board voted to deny the variance on June 8, 2017.

The Brunings appealed the decision to the district court for Douglas County under Neb. Rev. Stat. § 14-413 (Reissue 2012). On February 5, 2018, the district court found that there

- 150 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
BRUNING v. CITY OF OMAHA ZONING BD. OF APPEALS
Cite as 303 Neb. 146

was substantial evidence in the record to support the decision and affirmed the Board's denial. In reaching its decision, the district court noted that although the Property is zoned agricultural, the Brunings unilaterally altered the use of the Property by leasing buildings to others, a commercial activity. In its discussion, the district court also noted that the appeals process with the Board lasted 4 months and that all persons were able to speak, present evidence, and consult City officials.

The Brunings appeal.

## ASSIGNMENTS OF ERROR

The Brunings claim, summarized and restated, that the district court erred when it found that the Board's decision to deny a variance was supported by the record and was not arbitrary and capricious. Specifically, they assert they were entitled to a variance because they had invested in the improvements and would suffer unnecessary hardship and lost income if they return the land to agricultural use.

## STANDARDS OF REVIEW

[1-3] On appeal, a district court may disturb the decision of a zoning appeals board only when the decision was illegal or is not supported by the evidence and is thus arbitrary, unreasonable, or clearly wrong. *Lamar Co. v. Omaha Zoning Bd. of Appeals*, 271 Neb. 473, 713 N.W.2d 406 (2006). In reviewing a decision of the district court regarding a zoning appeal, the standard of review is whether the district court abused its discretion or made an error of law. *Id*. Where competent evidence supports the district court's factual findings, an appellate court will not substitute its factual findings for those of the district court. *Eastroads v. Omaha Zoning Bd. of Appeals*, 261 Neb. 969, 628 N.W.2d 677 (2001).

## ANALYSIS

The Brunings claim that the district court erred when it affirmed the decision of the Board which had denied their

- 151 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
BRUNING v. CITY OF OMAHA ZONING BD. OF APPEALS
Cite as 303 Neb. 146

request for a variance. Relying on § 14-411, they contend that they were entitled to a variance because carrying out the strict letter of the ordinance would cause "unnecessary hardships." Because we determine that the district court did not err, we reject this assignment of error.

Section 14-411 defines the authority of zoning boards of appeal to grant a variance in cities of the metropolitan class, such as Omaha. See *Eastroads v. Omaha Zoning Bd. of Appeals, supra*. Section 14-411 provides, in relevant part:

> Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such ordinance, the [Board] shall have the power in passing upon appeals, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial justice done.

As noted, the Brunings' claim relies on "unnecessary hardships," which generally address a use prohibited by an ordinance, and they do not claim "practical difficulties," which generally address improvements which conflict with the restrictions. See, *Bowman v. City of York*, 240 Neb. 201, 482 N.W.2d 537 (1992); 3 Sara C. Bronin & Dwight H. Merriam, Rathkopf's The Law of Zoning and Planning § 58:4 (4th ed. 2019).

[4] Our case law under § 14-411 and its predecessors was summarized in *Rousseau v. Zoning Bd. of Appeals of Omaha*, 17 Neb. App. 469, 478, 764 N.W.2d 130, 136 (2009), wherein the Nebraska Court of Appeals stated: "Certain factual circumstances are by themselves insufficient to justify a finding of hardship." These include the desire to build a larger building, the desire to generate increased profits, and where the applicant created his or her own hardships. *Rousseau v. Zoning Bd. of Appeals of Omaha, supra*. See, *Bowman v. City of York, supra*; *Alumni Control Board v. City*

- 152 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
BRUNING v. CITY OF OMAHA ZONING BD. OF APPEALS
Cite as 303 Neb. 146

*of Lincoln*, 179 Neb. 194, 137 N.W.2d 800 (1965); *Frank v. Russell*, 160 Neb. 354, 70 N.W.2d 306 (1955). In this case, the Brunings' assertion that they are entitled to a variance due to unnecessary hardship implicates the latter two scenarios recited above, i.e., the desire for increased profits and self-created hardships.

[5] The general rule respecting the right of the Board to grant a variance from zoning regulations on the ground of unnecessary hardship is that "it may not be granted . . . [u]nless the denial would constitute an unnecessary and unjust invasion of the right of property." *Frank v. Russell*, 160 Neb. at 362-63, 70 N.W.2d at 312. But it has been observed that the purpose of zoning would be defeated if every desire to remove restrictions on use justified a variance. One treatise states:

> Every zoning ordinance imposes some degree of hardship on all property to which it applies, since the restrictions of the ordinance limit the uses to which the property may be put. This degree of hardship is implicit in zoning; the restrictions on each parcel of property are compensated for by similar restrictions on neighboring property. The inability of each property owner to put his property to any desired use, however profitable to him and undesirable as far as his neighbors are concerned, is balanced by the fact that his neighbor's property cannot be so used as to injure his. Such hardship, consistent with the hardship imposed on all other pieces of property in the district, is not a ground for a variance.

3 Bronin & Merriam, *supra*, § 58:5 at 58-17.

With respect to maximizing profits, we have stated that although maximizing profits is an "understandable, and even laudable, goal," it does not provide a basis for "a variance from zoning regulations with which the rest of the community must live." *Bowman v. City of York*, 240 Neb. at 213, 482 N.W.2d at 545. See *Frank v. Russell, supra*.

With respect to self-created hardships, one treatise explains that they are those which "result from affirmative acts of the

property owner and which could have been avoided through a different course of action." 2 Patricia E. Salkin, American Law of Zoning § 13:16 at 13-133 to 13-134 (5th ed. 2018). A self-created hardship arises, for example, when a property owner establishes a structure or use not permitted under the zoning ordinance and then seeks a variance after the fact to legitimize the property use. 2 Salkin, *supra*. Self-created hardship "is almost always a bar to relief" where a property owner seeks an "'after the fact'" variance. *Id.* at 13-134. We have similarly stated that "'[i]t would certainly be unreasonable to allow one to create his own hardship and difficulty and take advantage of it to the prejudice of innocent parties.'" *Eastroads v. Omaha Zoning Bd. of Appeals*, 261 Neb. 969, 978, 628 N.W.2d 677, 684 (2001) (quoting *Frank v. Russell, supra*).

Our review in this case is narrowly limited to whether the district court abused its discretion or committed an error of law when it affirmed the Board's decision to deny the variance. See *Lamar Co. v. Omaha Zoning Bd. of Appeals*, 271 Neb. 473, 713 N.W.2d 406 (2006). Where competent evidence supports the district court's factual findings, an appellate court will not substitute its factual findings for those of the district court. *Eastroads v. Omaha Zoning Bd. of Appeals, supra*.

In this case, the district court found "substantial evidence in the record" to support the Board's decision. The record includes recommendations from the City, numerous exhibits, input from stakeholders, and testimony offered at four hearings. The Board discussed the issues extensively, including life safety, public works, zoning issues, and proposed solutions, and it toured the Property during the process. Although the record indicates that the Brunings received support from some of their neighbors, comments by the Board members indicate concern that granting waivers would be a significant deviation from the zoning plan, and not merely reasonable adjustments. The Board members indicated they were concerned the existing use was not consistent with the "spirit of the ordinance." See § 14-411.

- 154 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
BRUNING v. CITY OF OMAHA ZONING BD. OF APPEALS
Cite as 303 Neb. 146

In its order, the district court analyzed the issues as follows:

> The property in question is zoned agricultural. . . .
> The [Brunings] have unilaterally altered the permissible
> use of the property by leasing portions of the build-
> ings to others—essentially a commercial use. Even
> though the building[s] were used by the lessees for the
> same purpose[s] as the [Brunings], the permissible use
> changed.
>
> . . . [The Brunings] complain that they will be denied
> the income from the rents they had been receiving, but
> those rents were due to an impermissible use of the prop-
> erty. A denial of [the Brunings'] request for a variance
> does not change the ability of the [Brunings] to make full
> use of their property as it was originally intended.

Competent evidence supports these findings by the district
court.

In *Rousseau v. Zoning Bd. of Appeals of Omaha*, 17 Neb.
App. 469, 478-79, 764 N.W.2d 130, 137 (2009), the Court of
Appeals noted the roles of the zoning boards and the courts in
the context of granting or denying variances and stated:

> Generally, it is the zoning board of appeals' duty, and
> not the function of a court, to make this kind of decision.
> The Legislature has granted zoning boards of appeals
> significant leeway in making decisions and has required
> district courts to uphold a board's decision, barring ille-
> gality, insufficient evidentiary support, or an arbitrary,
> unreasonable, or clearly wrong decision. See *Eastroads v.
> Omaha Zoning Bd. of Appeals*[*, supra*]. Specifically, the
> Supreme Court has explained that administrative agencies
> including the zoning board of appeals provide "expertise
> and an opportunity for specialization unavailable in the
> judicial or legislative branches. They are able to use
> these skills, along with the policy mandate and discre-
> tion entrusted to them by the legislature, to make rules
> and enforce them in fashioning solutions to very complex
> problems. Thus, their decisions are not to be taken lightly

- 155 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
BRUNING v. CITY OF OMAHA ZONING BD. OF APPEALS
Cite as 303 Neb. 146

or minimized by the judiciary." *Id.* at 979, 628 N.W.2d at 684 (quoting *Bowman v. City of York, supra*).

For completeness, we note that the Brunings are not deprived of all beneficial or reasonable use of their agricultural-zoned land such as would constitute a legally cognizable hardship. The denial of their request for a variance is not an unjust invasion of the right of property. See *Frank v. Russell*, 160 Neb. 354, 70 N.W.2d 306 (1955). Omaha Mun. Code § 55-84 lists the use types that are permitted in the agricultural district, which include but are not limited to horticulture, single family residential, park and recreation services, kennels, and stables. Omaha Mun. Code, ch. 55, art. V, §§ 55-85 (2002) and 55-86 (2008), list the use types that are allowed, subject to approval of a conditional or special use permit, including but not limited to campgrounds, religious assembly, agricultural sales and service, sports and recreation, and veterinary services. When the Brunings developed and began leasing the Property to others, ultimately expanding to numerous separate businesses and uses, their activities became incompatible with agricultural use.

We find no abuse of discretion or error of law when the district court affirmed the decision of the Board which had denied the variance.

CONCLUSION

The Brunings developed the Property, their agricultural-zoned land, over the course of many years, eventually allowing commercial activities by others on the Property. On appeal, the district court found that the decision of the Board to deny the request for a variance was not illegal and that there was substantial evidence in the record to support the decision of the Board. Substantial evidence supports the district court's factual findings, and we find no errors of law or abuse of discretion by the district court. Accordingly, we affirm.

AFFIRMED.